Robert M. **SCHMIDT** and wife, **Blanche Schmidt, Plaintiffs-Appellees,**

v.

Braxton D. **DIXON,**
**Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 12, 1985.

Application for Permission to Appeal
Denied by Supreme Court
July 8, 1985.

DESIGNER
   BUILDER
      braxton d. dixon
DECORATOR
      PHONE 824-6439 — BOX 223
ANTIQUES                HENDERSONVILLE,
                        TENNESSEE  37075

April 25, 1981

I, Braxton D. Dixon on this date agree to furnish total supervision for the completion of a house on Caudill Drive in Hendersonville, Tenn. Owner of this house, Mr. & Mrs. Bob Schmidt and I agree on a fixed amount for this supervision of $16,000.00; $5,000.00 upon signing this agreement, $5,000.00 on 60 days, and balance of $6,000.00 when house is occupied. Work to commence on Monday, May 4, 1981.

Further, all workmen under my employment will be on an hourly wage basis, starting at $6.00 per hour for labor to $12.00 per hour for skilled workers. All other workmen and subcontractors such as plumbers, electricians, etc. will be asked to submit bids or an hourly price will be agreed upon by the Schmidts and myself before work is commenced.

Builder risk insurance will be by owners. Materials will be paid for by owner between the 1st and 10th of the following month after purchases. Work will continue at a steady pace until completion.

(signed)_____
Robert Schmidt
(signed)_____
Braxton D. Dixon

The house to be built under the foregoing agreement is referred to in the record as the "Lake House" and it will be so designated in this opinion.

Subsequently, the parties entered into an oral agreement relating to the construction of another house designated in the record and this opinion as the "Ranch House".

Plaintiffs' complaint asserts various wrongful acts of defendant in connection with the Lake House. Defendant's answer denies wrongdoing and asserts a counterclaim for amounts due him in connection with the Lake House and the Ranch House.

By agreement of counsel, 55 issues of fact were submitted to a Special Master whose responses included findings that plaintiffs paid to defendant a total of $466,-429.12 on the lake house and $42,500 on the

William B. Vest, Hendersonville, for plaintiffs-appellees.

Steven L. Lefkovitz, Nashville, Jane Forbes, Franklin, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

The defendant, Braxton D. Dixon, has appealed from a judgment against him and in favor of the plaintiffs, Robert Schmidt and wife, Blanche Schmidt, in the amount of $103,758.63 arising out of the dealings of the parties in respect to the construction of two houses.

The initial transaction was a written document as follows:

ranch house. Other findings of the Master have been added together by this Court to produce a total of $250,241.56 paid out by defendant on the lake house and $37,501.11 on the ranch house.

Other findings of the master are deemed immaterial to this appeal.

Upon hearing objections to the Master's report, the Chancellor adopted the above summarized findings of the Master, and concluded:

17. The Court having determined that there was no written contract nor definite meeting of the minds as to the arrangement pertaining to the ranchhouse has determined that a reasonable profit of $6,168.98 is proper; that amount representing the difference between the amount charged of $38,928.93 and the amount paid by Dixon for labor, subcontractors, materials, etc. in the amount of $32,759.95. The record shows that the plaintiff, Schmidt has paid the sum of $42,500.00 towards the cost of the ranchhouse and has, therefore, been overcharged the amount of $3,571.07.

18. By contract, Dixon agreed to accept a fixed fee of $16,000.00 plus reimbursement for wages paid and the cost of materials. Dixon represented approximate cost of construction of the lakehouse to plaintiffs as approximately $100,000.00. The contractual representations set forth were deceptive in light of the overcharges and Dixon's testimony that at the time he entered into Schmidts' contract, he intended to make $35,000.00 rather than $16,000.00. Further, that he held himself out as a licensed contractor when he knew or should have known this to be false. The preponderance of the proof disclosed there were many problems and misunderstandings between the parties when the work and payments were terminated. The evidence is in hopeless conflict as to which party failed to attempt to work out the problems. The job was not completed, therefore, no breach of contract.

19. The Court, after scrutinizing the unsubstantiated charges by Dixon, especially as to the antique furniture, etc. as set forth in the exhibit designated "Fixtures and Furniture", has considered the fact that the plaintiff had observed many of these antique and unique items and was allegedly told by Dixon what he was being charged. The plaintiff Schmidt denied that he was told the amount of the charges, however, the preponderance of the proof establishes that he knew the nature of the items involved. The Court has further considered in this regard that the charges were submitted to the plaintiffs monthly throughout the period that the work was being performed, and in the Court's opinion, objections should have been made within a reasonable time after the charges were submitted. The entire record reveals a lack of communication and a meeting of the minds between the parties involved. In any event, it is difficult for the Court to understand how individuals of above average intelligence and experience could have allowed a job of this magnitude to continue on an apparent amiable basis throughout the period involved.

20. The Court after considering the entire record and especially the negligence of the plaintiffs in allowing the controversy to reach the point that it did without asserting his position does not feel from an equitable standpoint that the defendant knowingly and willfully breached his fiduciary duty to the extent that the Court should invoke Section 62–6–103 T.C.A. or 47–8–104 T.C.A. The Court further feels from an equitable standpoint that the plaintiffs have benefited substantially from the work performed by the defendant. The Court, due to the fact that the work on the lakehouse had not been completed prior to the controversy over who in fact breached the contract has dismissed the portion of the plaintiffs' action pertaining to any improper or incomplete construction.

21. It is, therefore, the finding of the Court that the defendant Dixon has wrongfully profited on the lakehouse in the amount of $100,187.56 as well as

wrongfully profiting as to the ranch-house in the amount of $3,571.07, or a total of $103,758.63. The defendant Dixon will pay the cost.

Accordingly, judgment was entered in favor of plaintiffs and against defendant for $103,758.53, and defendant's counterclaim was dismissed.

The defendant presents two issues on appeal, of which the first is as follows:
1. Whether the Chancellor's decision finding that the defendant wrongfully profited on the building of the lake house was clearly erroneous?

■ First, appellant insists, that the $16,000 supervisory fee was not the agreed total of his charges. It is seen from the Chancellor's findings, above, that he accepted this argument to the extent of $35,-000 profit which appellant said he intended to make, and in respect to certain other items, especially purchases of merchandise which would normally be sold by appellant in his business as a decorator. Nevertheless, appellant insists that he was free to add to labor, materials, and other costs a "mark up" or profit, presumably at his own discretion or caprice. This Court agrees with the Chancellor that the peculiar circumstances of this case require the application of principles of equity to a situation created by the joint slothfulness and disagreements of the parties.

Appellant insists that the contractual requirement that plaintiffs pay for materials means that payment must be made at whatever price charged by appellant. This Court does not agree. Such an interpretation of the contract is untenable in the light of the "fixed fee" provision of the contract.

■ Appellant next relies upon the fact that plaintiffs requested the work to be done and paid his bill therefor. The payment of a bill under a mistake of fact is not a waiver of the right to a refund overcharges discovered thereafter. *State v. Bennett,* 181 Tenn. 196, 180 S.W.2d 891 (1944); *Neal v. Read,* 66 Tenn. (7 Baxt.) 333, (1874); *Guild v. Baldridge,* 32 Tenn.

(2 Swan.), 295 (1852); *Dickins v. Jones,* 14 Tenn. (6 Yerg.), 483, 27 Am.Dec. 488 (1834).

Appellant cites *V.L. Nicholson Company v. Transcon Inv. & Fin. Ltd.,* Tenn. 1980, 595 S.W.2d 474; however, that authority holds

A promise will not arise by implication, however, when the circumstances and facts from which the promise could be drawn are contrary or completely inconsistent with the contract to be implied. 17 Am.Jur.2d Contracts, 33 (1964). 595 S.W.2d at 482.

Appellant also relies upon *Murray v. Grissim,* 40 Tenn.App. 246, 290 S.W.2d 888, (1956), wherein this Court held that a farm manager was entitled to reasonable compensation for his services ($100.00 per month) against the claim that the services were intended to be gratuitous. This decision is not authority for a contract supervisor of a construction job to obtain labor, materials and subcontract work at a price and then charge his employer a larger price for same.

■ One who contracts to furnish his services for an agreed compensation is not entitled to claim the "reasonable value" of his services because he has fixed the value by contract.

Appellant finds no fault with the accuracy of the computations of the Master as adopted by the Chancellor. Appellant simply insists that he was entitled to all he collected from plaintiffs simply because he set the price and plaintiffs paid it.

This Court agrees with the Chancellor that the ambiguous sketchy contract drawn by defendant and other circumstances require that the dispute be resolved in conformity with equity and good conscience, and this Court agrees with the equitable solution adopted by the Chancellor in respect to the lake house, i.e. $100,187.56 due plaintiffs.

Appellant's first issue is found to be without merit.

Appellant's second issue is as follows:
II. Whether the Chancellor erred in finding the defendant was unjustly en-

riched by three thousand five hundred seventy-one dollars and seven cents ($3,571.07) on the plaintiff's ranchhouse?

Appellant relies upon the concurrent finding of the Chancellor and Master that plaintiffs' payments to defendant on the ranch house totaled $42,500 and that the expenses paid by defendant on the ranch house amount to a total of $37,501.11.

It is true that the Master and Chancellor found that defendant had *charged* to plaintiff separate items which have been added by this Court to a total of $49,353.93. However, a finding that such items were *charged* to plaintiffs is not equivalent to a finding that plaintiffs paid all of the charges. This is especially true in the light of the specific finding that the *payments* totaled $42,500.00.

 This Court agrees with the finding of the Chancellor that a fair compensation to defendant on the ranch house would be $6,853.93. However, the judgment of the Chancellor must be modified to conform to the concurrent finding of fact as to the amount paid by the plaintiffs on the ranch house.

The expenditures of defendant of $37,-501.11 and the $6,853.93, produce a total due defendant of $44,355.04. The total payments by plaintiffs of $42,500.00 leave a balance due defendant on the ranch house of $1,855.04.

Thus the judgment in favor of plaintiffs on the ranch house for $3,571.07 must be changed to a judgment in favor of defendant for $1,855.04, which amount must be applied to reduce the plaintiffs' judgment on the lake house from $100,187.56 to $98,-332.52.

The judgment of the Chancellor is modified by reducing it from $103,758.63 to $98,332.52. As modified, said judgment is affirmed. Costs of this appeal are taxed equally. That is, one half are adjudged against appellant and one half against appellees. The cause is remanded to the Chancery Court for such further proceed-ings, if any, as may be necessary and proper.

Modified and affirmed.

CANTRELL and KOCH, JJ., concur.